**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

**IN RE:**

    **ARDELL L. WATERFIELD,**     Case No: 05-02352-8-JRL
                                                    Chapter 13
    **Debtor.**

**ORDER**

This matter is before the court on the order directing Unicare / Ford Employee Health Benefit ("Unicare") to appear and show cause why it should not be held in contempt for improperly deducting monies from the debtor's disability payments. On October 26, 2005, the court conducted a hearing on this matter.

On August 23, 2005, the debtor moved the court for an order directing Unicare to show cause why it has been deducting monies from the debtor's disability payments. Unicare filed no response to the motion. On September 28, 2005, the court entered the subject order to show cause. Unicare failed to appear at the hearing. The debtor was unable to clarify whether Unicare is recouping disability overpayments, withholding disability payments to pay a pre-petition claim of the Internal Revenue Service (IRS), or both. The trustee confirmed that the IRS had filed a claim in the case.

Unlike the right of setoff, recoupment is not subject to the automatic stay. First Nat. Bank of Louisville v. Master Auto, 693 F.2d 308 (4th Cir. 1982); In re Bram, 179 B.R. 824 (Bankr. E.D. Tex. 1995)(Employee benefit plan administrator's right to recover excess disability benefits was right of

1

recoupment, which the plan administrator could exercise without seeking relief from the automatic stay). Thus, to the extent Unicare is withholding monies from the debtor's payments to pay a pre-petition tax claim, it is enjoined from continuing that course of conduct. The IRS claim must be administered in the bankruptcy case. To the extent Unicare is recouping overpaid benefits, it is not effected by the automatic stay. The debtor would need to challenge the recoupment by way of adversary proceeding.

**So Ordered.**

Dated:  October 27, 2005

J. Rich Leonard
United States Bankruptcy Judge